# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMAJ DEWAYNE SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>TILLY, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00388 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Semaj Dewayne Smith ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 11, 2015.[1] He names Principal Tilly, Teacher Willard, Teacher Brione, Vice Principal K. Freed, DDP Teacher Turkey, DDP Teacher Silva, and Vice Principal R. Rollins as Defendants.

## A.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff consented to the jurisdiction of the Magistrate Judge on April 6, 2015.

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at California Institution for Men in Chino, California. He was housed at Corcoran State Prison when and where the events giving rise to this action took place.

Plaintiff alleges the following. Plaintiff states he suffers from a mental disability as well as a physical disability. He states he has a difficult time remembering and comprehending things. This affects his reading and writing skills. This learning disability has caused him to be in special education all of his life. Plaintiff states that Defendants are fully aware of his disabilities. Plaintiff

2

claims that because of his disabilities, he has experienced mental anguish and damage, harassment, threats, force, and verbal abuse.

Plaintiff claims Defendant Tilly is aware of his learning disability and is allowing him to be forced and threatened by teachers. He claims Defendant Willard is aware of his learning issues but forces him to do work that he does not understand. Plaintiff alleges that Defendant Brione is forcing him and threatening him thereby causing mental anguish. Plaintiff alleges that Defendant Freed is aware of everything and is going along with it, advising Plaintiff that he will be held accountable. He claims Defendant Silva is causing mental anguish by being aware of the situation and not taking action. Plaintiff alleges that Defendant Rollins is fully aware of the wrong-doings but advises him that he will be held accountable for not participating and doing his class work.

Plaintiff asks the Court to investigate his learning disabilities and file legal charges against all staff for their alleged wrongdoings. Plaintiff seeks $100,000.00 from each person for punitive damages for his learning disabilities and mental anguish, and a court order for him to removed from education.

## C.      DISCUSSION

Plaintiff's complaint is devoid of any facts which support the existence of a viable claim for relief under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). In amending his complaint, Plaintiff is informed of the following applicable legal standards.

### 1.      Linkage

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim,

Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

The complaint is devoid of any facts supporting a violation of Plaintiff's constitutional rights. Plaintiff makes conclusory allegations that Defendants caused Plaintiff mental anguish by harassing, threatening and verbally abusing him because of his disability. Plaintiff is advised that verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Plaintiff's conclusory allegations are insufficient to support a plausible claim for relief. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

2. Supervisor Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

3. Discrimination

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of

4

such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); Simmons v. Navajo Cnty., 609 F.3d 1011, 1021-22 (9th Cir. 2010); Pierce v. Cnty. of Orange, 526 F.3d 1190, 1214-15 (9th Cir. 2008).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

    4.    Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech; 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

## D.   CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section

5

1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **January 21, 2016**          /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE